IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADOLPHUS TAYLOR, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-760-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Adolphus Taylor, TDCJ-ID #689232, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

### C. FACTUAL AND PROCEDURAL HISTORY

In March 1994 a jury found Taylor guilty of possession with intent to deliver a controlled

substance in the Criminal District Court Number Three of Tarrant County, Texas, Case No. 0529183D, and assessed his punishment at sixty-three years' confinement. (State Habeas R. at 72.) In July 2002 Taylor was released on parole. (*Id.* at 38.) While on release, Taylor was arrested for possession of a controlled substance, and, as a result, a pre-revocation warrant was issued for his arrest. (*Id.* at 46.) After jumping bail in the new criminal case, Taylor was later arrested on May 2, 2005. (Parole Revocation R. at 23.) Taylor testified during his parole revocation hearing that he was going to go to trial on the possession case but took the time on the bail jumping case instead. (*Id.* at 6.) He was convicted of bail jumping in state court on July 13, 2005, and sentenced to two years' confinement. (*Id.* at 5.) The parole revocation hearing was conducted on August 3, 2005, during which Taylor admitted to violating Rule 2 (Bail Jumping) of his parole. (*Id.* at 6.) Based on Taylor's admission in conjunction with witness testimony and documentary exhibits, the hearing officer recommended that Taylor's parole be revoked. (*Id.* at 7.) In accordance with this recommendation, the Texas Board of Pardons and Paroles (the Board) revoked Taylor's parole on August 16, 2005. (*Id.* at 2.)

Taylor filed a state habeas application challenging his parole revocation, which was denied without written order on August 9, 2006. *Ex parte Taylor*, Application No. WR-33,681-02, at cover. Taylor filed this petition on September 11, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing). Quarterman has filed an answer with documentary exhibits, to which Taylor did not reply.

D.  ISSUES

Taylor raises numerous claims regarding the pre-revocation and revocation process. Generally, he complains the pre-revocation and/or revocation process violated the parole contract,

state law, and his federal due process constitutional rights. (Petition at 7-8, 8A-8Y.)

E. RULE 5 STATEMENT

Quarterman believes that Taylor has sufficiently exhausted his state remedies regarding the claims presented as construed by Quarterman and as required by 28 U.S.C. § 2254(b). (Resp't Answer at 5.)

F. DISCUSSION

*1. Standard of Review*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court

shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as the court did here, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. *Violations of State Law*

To the extent Taylor claims the parole contract and/or state constitutional and statutory laws were violated as a result of the Board's pre-revocation and/or revocation process, his claims are not cognizable on federal habeas review. Federal habeas corpus relief is available only for the vindication of rights arising under the laws or Constitution of the United States. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *Hall v. Quarterman*, Civil Action No. 3:05-CV-040-G, 2007 WL 2198086, at *4 (N.D.Tex. July 31, 2007). It is not the function of the federal habeas court to review the interpretation of state law by a state court. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

3. *Due Process Violations*

To the extent Taylor claims his federal constitutional due process rights were violated as a result of the Board's pre-revocation and/or revocation process, parole revocation is a deprivation of liberty within the meaning of the Due Process Clause entitling Taylor to due process protections. *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972). A parole revocation hearing is not a criminal

4

prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply. *Id.* The Due Process Clause nevertheless requires certain minimal safeguards to protect the limited liberty interest at stake in the parole-revocation context. *Id.* A parolee is entitled to (1) written notice of the alleged parole violations, (2) disclosure of the evidence against him, (3) an opportunity to be heard personally and to present evidence, (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation), (5) a hearing before a neutral and detached body, and (6) a written statement by the fact finders describing the evidence reviewed and the reasons for revoking parole. *Id.* at 489.

Taylor's state habeas application raising his due process claims was denied by the Texas Court of Criminal Appeals without written order. Thus, this Court may presume that the state court considered and rejected Taylor's claims on the merits. Taylor has not rebutted the presumption of correctness of the state court's adjudication of his claims with clear and convincing evidence. Furthermore, the record reflects Taylor was provided with written notice of the alleged violation of his release and his rights in the revocation process.[1] (Parole Revocation R. at 8-10.) Taylor did not request a preliminary hearing, however, he did request a revocation hearing, which was conducted on August 3, 2005. (*Id.* at 4-7.) During the hearing, the state presented documentary evidence and the testimony of Taylor's parole officer Arnetria Clayborn, and Taylor had an opportunity to give live testimony (he admitted the violation), present documentary evidence, and cross-examine Clayborn. Taylor did not object to the neutrality of the hearing officer. A copy of the hearing report

---

[1]Taylor argues that he was not given proper notice of the alleged violation before the hearing because he was provided with "notice-of-alleged-violation forms" charging him with possession of a controlled substance, not bail jumping. (Petittion at 8T.) However, the notice form was corrected to reflect the bail jumping charge and initialed by Taylor on July 21, 2005, twelve days before the revocation hearing.

processing sheet and the revocation hearing report, showing the evidence relied on and the reasons for the Board's action, were distributed to Taylor. Taylor's admission to the new criminal charge in conjunction with the state's documentary evidence was sufficient evidence to support the revocation decision. Thus, it appears the minimum requirements of procedural due process were met and that there is sufficient evidence in the record to support the parole revocation decision. *See Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993); *Morrissey*, 408 U.S. at 485.

Taylor has not shown that the state court's rejection of his claims was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

## II. RECOMMENDATION

It is therefore recommended that Taylor's petition for writ of habeas corpus, any motions not previously ruled upon, and Taylor's request for mandamsu relief be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 28, 2007. The United States District Judge need only make

a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 28, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 7, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE